953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael FRENICK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Feb. 4, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Frenick appeals from the district court's summary judgment affirming the decision of Secretary of Health and Human Services (Secretary) denying him disability benefits under Title II of the Social Security Act. The district court exercised jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the decision of the district court decision de novo, and thus examine the decision of the Secretary to ensure that it is supported by substantial evidence and free of legal error. Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). We vacate and remand.
 
 
 2
 Frenick contends the Secretary committed a number of errors in determining that he is not disabled. We need reach only one of them. Frenick contends that the administrative law judge (ALJ) failed to consider the use of medication or its side effects on his ability to work. Because medication can affect an individual's ability to work, we require it to be considered in the disability determination process. Varney v. Secretary of Health & Human Services, 846 F.2d 581, 585 (9th Cir.1988). If the ALJ disregards a claimant's testimony concerning medication's side effects, he must support that decision with specific findings, as long as the side effects are in fact associated with the claimant's medication. Id. Frenick testified that taking his medication affects his balance, speech, and mood. The ALJ erred by failing to address this testimony in his decision. This error was pointed out to the district court. Plaintiff's Brief in Support of Motion for Summary Judgment, p. 22.
 
 
 3
 We need not reach Frenick's other contentions. We vacate the district court judgment affirming the decision of the Secretary denying Frenick disability benefits, and remand the case with directions to remand to the Secretary to make specific findings on the effects of the medication taken by Frenick.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4